IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEIARA N. BROWN, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| CARAVELS, LLC d/b/a GEORGIA TRANSFORMER CORPORATION and VIRGINIA TRANSFORMER CORP., | |
| Defendants. | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Keiara N. Brown (hereinafter "Plaintiff" or "Ms. Brown"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff asserts her claims of race discrimination and retaliation for opposing race discrimination against the Defendants under 42 USC §1981, to correct a pattern and practice of unlawful employment discrimination and retaliation on the basis of race and to make Plaintiff whole for lost pay and benefits, pecuniary and non-pecuniary compensatory damages, punitive

1

damages, fees, costs, expenses and injunctive relief because of Defendant's actions against Plaintiff.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §1343 (civil rights), 28 U.S.C. §§2201 and 2202 (declaratory judgment), and 42 U.S.C. §12117(a) and 42 USC §1981 (race discrimination).

3.

Venue is proper in this district and division pursuant to 28 U.S.C §1391 and OCGA §14-3-510(b)(1) because Defendant is a foreign corporation with its registered office in Lawrenceville, Georgia which is in this district and division.

## PARTIES

4.

Plaintiff Keiara N. Brown is a resident of Newton County, Georgia.

5.

Defendant employed Plaintiff Brown as a Human Resource Generalist at its Rincon, Georgia manufacturing plant from August 19, 2019, until February 08, 2022.

6.

Defendant Caravels, LLC d/b/a Georgia Transformer is a Delaware corporation with its registered office in Gwinnett County, Georgia.

7.

Defendant employs over 800 people throughout the United States, and at all times related to this litigation had a number of employees sufficient to be subject to the race discrimination laws of the United States contained in 42 USC §1981.

8.

Defendants may be served with process by delivering a copy of the Summons and Complaint to their Registered Agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia, 30346.

## **THE DEFENDANTS OPERATED AS AN INTEGRATED ENTERPRISE**

9.

Defendant Caravels, LLC, d/b/a Georgia Transformer Corporation, is a Delaware corporation with its principal corporate offices at 220 Glade View Drive, Roanoke, Virginia 24012.

10.

Caravels, LLC is registered to do business in Georgia with its registered office at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia, 30346.

11.

Defendant may be served by delivering a copy of the summons and complaint upon the registered agent National Registered Agents, Inc., located at 289 S. Culver Street, Lawrenceville, GA 30046.

12.

Defendant Caravels, LLC registered a fictitious name of "Georgia Transformer" in Roanoke County, Virginia and does business under the fictitious name, "Georgia Transformer."

13.

Defendant Virginia Transformer Corp. is a Virginia corporation with its principal place of business at 220 Glade View Drive, Roanoke, Virginia, 24012.

14.

Upon information and belief, the defendants functioned as an integrated enterprise by: 1) Sharing corporate officers; 2) Sharing and reporting to a common corporate office at 220 Glade View Drive, Roanoke, Virginia, 24012; 3) Sharing

integrated human resources functions; 4) Referring to themselves collectively as "Virginia Georgia Transformer, one source-one commitment" and "VTC/GTC"; 5) Having common ownership; 6) Telling Plaintiff Brown that her employment is "with Caravels/Georgia Transformer Corp."

15.

Upon information and belief, the VTC/GTC defendants have a close interrelation of operations, as well as centralized control of personnel matters, common management and common ownership and financial control. The Defendant VTC/GTC defendants are a single employer and/or joint employer, such that they may be held jointly liable for the claims of Plaintiff Brown.

16.

Upon information and belief, the VTC/GTC defendants can be served with process by service on its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia, 30346-4805.

**STATEMENT OF FACTS**

17.

On July 2, 1964, the Congress of the United States enacted 42 USC §1981, which prohibits race discrimination in the workplace.

18.

In 1971 Virginia Transformer Corp. was formed to manufacture power transformers.

19.

Defendant hired Plaintiff on or about August 12, 2019, as the Human Resource Generalist for Caravels, LLC aka Georgia Transformer Corp.

20.

Plaintiff's salary was $50,000.00 yearly to perform her duties.

21.

Plaintiff made several complaints of race discrimination and unfair treat to her first manager Phil Tamblyn.

22.

Phil Tamblyn advised the Plaintiff to hang in there and to find new employment.

23.

Phil Tamblyn left the company sometime in July of 2020 without reporting Plaintiff's complaints.

24.

Plaintiff then reported to Jameelah Magwood, an African American.

25.

Jameelah Magwood, an African American and Plaintiff's manager was forced to resign her position due to Defendant's discriminatory treatment.

26.

Plaintiff's third manager David Jones, a white male who was the former HR Manager returned to the Company and replaced Jameelah Magwood.

27.

David Jones then brought back Ashley Guyton, white female in the same capcity as Plaintiff but at a pay rate of $70,000.00.

28.

Ashley Guyton, white female was employed with the Plaintiff, did not want to work under an African American, Jameelah Magwood.

29.

Plaintiff was more qualified than Ashley Guyton but because Ashley was Caucaisan and in a relationship with David, she was paid more money.

30.

Plaintiff complained to David Jones regarding her salary as Plaintiff's work load was more than Ashley's.

31.

Plaintiff's workload consisted of onboarding, orientation, offboarding, benefits administration and employee relations.

32.

Ashley's duties consited on talent acquisitions and reporting.

33.

Due to Plaintiff complaining about the difference in pay David Jones offered Plaintiff $6,0000.00 to bring her salary to $56,000.00 yearly.

34.

Plaintiff felt that the $6,000.00 increase was unfair and discriminatory due to her being African American.

35.

Plaintiff complained several times to her Manager David Jones advising him that the work environment at Georgia Transformer Corp. was discriminatory and he ignored the Plaintiff's complaints.

36.

David Jones confided in Plaintiff by telling her that he had a relationship with Ashley Guyton.

37.

David Jones failed to report Plaintiff's complaints to HR regarding the discriminatory treatment she was enduring.

38.

Due to the discriminatory treatment and her complaints being ignored, Plaintiff was forced to constructively discharge her position on or about February 4, 2022.

39.

Defendant discriminated against Plaintiff Keiara Brown because of her race in violation of 42 USC §1981.

40.

Others outside of Plaintiff's Keiara Brown's protected classification were treated preferably.

## CLAIMS FOR RELIEF

### COUNT I – 42 U.S.C. § 1981 Race Discrimination in Employment

41.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

42.

As a black woman, Keiara Brown was in a class of employees protected by 42 USC §1981.

43.

Defendant VTC/GTC violated 42 USC §1981 by taking adverse employment action against Plaintiff because of her race.

44.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment based on her race constitutes unlawful discrimination

in violation of 42 USC §1981, as amended. Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights.

45.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant VTC/GTC's discrimination against Ms. Brown was undertaken in bad faith.

46.

The effect of the conduct was to deprive Plaintiff of equal employment opportunity, and otherwise adversely affect Plaintiff's status as an employee because of her race.

47.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected hers psychological and physical well-being, as well as causing lost compensation and benefits.

48.

Pursuant to 42 USC §1981, Plaintiff is entitled to damages, including but not limited to back pay and lost benefits, compensatory damages, punitive

damages, reinstatement, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under 42 USC §1981.

## COUNT II – RETALIATION

49.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

50.

42 USC §1981 prohibit employment discrimination on the basis of race.

51.

The laws that prohibit discrimination in the workplace also prohibit an employer from taking retaliatory action against an employee because the employee has asserted rights or made complaints under race discrimination statutes.

52.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

53.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendants' misconduct;

(b) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted the 25th day of August, 2022.

                      **THE LEACH FIRM, P.A.**

        /*s/Adeash Lakraj*_____
         Adeash A.J. Lakraj
         GA Bar No. 444848
         631 S. Orlando Ave, Suite 300
         Wells Fargo Building
         Winter Park, FL 32789
         Telephone: 770.728.8478
         Facsimile: 833.423.5864
         Email: alakraj@theleachfirm.com